Kam Kooshki (SBN 232315)
Sam Zreik, (SBN 249020)
**WHITBECK, KOOSHKI, & ZREIK LLP**
21515 Hawthorne Blvd. #1065
Torrance, CA 90503
Tel: (888) 972-9477
Fax: (310) 540-1112
E-Mail: sammy.zreik@wkzlaw.com

Attorneys for ARMANDI BABYLAND, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

SHIRLEY LINDSAY,

    Plaintiffs,

vs.

JACK SAADIAN, in his individual capacity as trustee of the Jack Saadian 2007 Trust; ARMANDI BABY LAND, INC., a California Corporation; and Does 1-10,

    Defendants.

CASE NO: 2:14-cv-09719-AB-ASX

DEFENDANT ARMANDI BABY LAND, INC,'S RESPONSE TO REQUESTS FOR ADMISSIONS SET NO. 1 PROPOUNDED BY PLAINTIFF

Assigned to: Andre Birotte Jr.

PROPOUNDING PARTY: SHIRLEY LINDSAY
RESPONDING PARTY: ARMANDI BABY LAND, INC
SET: ONE

Responding Party serves the following responses to set number one of Propounding Party's Requests for Admissions served in this case as follows:

RECEIVED
MAY 13 2015

## **PRELIMINARY STATEMENT**

These responses herein are provided solely for the purpose of this action. They are subject to all appropriate objections including, but not limited to, objections concerning competency, relevancy, privilege, materiality, propriety, and admissibility and any other objections or grounds which would require the exclusion of any document or statement contained herein if the document or statement were presented for admission into evidence at trial, or referred to by a witness present and testifying in court. All such objections and grounds, therefore, are reserved and may be interposed at the time of trial.

Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that any document has been produced herein shall not be taken as an admission or a concession of the existence of any facts set forth or assumed by such a document, or that such responses and/or documents constitute evidence of any fact thus set forth or assumed. The fact that Responding Party responds to all or part of any request is not intended to and shall not be construed to be a waiver by Responding Party of any objection to any request.

Furthermore, Responding Party's responses herein are made without waiving, and expressly reserving, the right: (a) to object to any effort to use any documents identified or produced in any step or proceeding in this action or any other action; and (b) to object on any ground to other discovery requests regarding the subject matter of any request herein.

This action is still in the discovery phase. Responding Party has not yet completed an investigation of the facts relating to this action, nor has discovery been completed in this action. Trial preparation also has not been completed. All responses must be construed as given on the basis of present recollection. Responding Party expressly reserves the right to supplement these responses at a later time should Responding Party deem such supplementation necessary and appropriate. The following responses also are given without prejudice to the right to produce, at the time of trial, subsequently discovered facts, documents, and evidence.

These responses are further provided without prejudice to use additional information and/or documents that may become known at or discovered at a later time, or which was inadvertently omitted from these responses as a result of a good faith oversight.

This Preliminary Statement is incorporated by reference into each of the Responding Party's

responses.

## GENERAL OBJECTIONS

Responding Party objects generally to each of the requests on the following grounds:

1. Responding Party objects to each and every request to the extent that the request(s) seek the disclosure of information protected by the attorney-client privilege and/or work product doctrine.

2. Responding Party objects to each and every request to the extent that the request(s) seek information which is/are equally available to the Propounding Party. Responding Party has no duty to research matters equally available to both parties in response to discovery. (*Bunnell v. Superior Court* (1967) 254 Cal.App.2d 720, 723-724.) Responding Party has no duty to make inquiry of independent witnesses in order to respond to discovery. (*Holguin v. Superior Court* (1972) 22 Cal.App.3d 812, 821.)

3. Responding Party objects to each and every request to the extent that the request(s) seek information regarding proprietary information, trade secrets, or other confidential information

4. Responding Party objects to each and every request to the extent that the request(s) exceeds the scope of necessary and appropriate discovery and are not reasonably calculated to lead to the discovery of admissible evidence.

5. Responding Party objects to each and every request because this set of discovery utilizes preliminary instructions and relies on preliminary/introductory definitions in violation of Code of Civil Procedure section 2030.060 subdivision (d).

Without waiving any of the foregoing objections, Responding Party responds to the interrogatories as follows:

## RESPONSES TO REQUEST FOR ADMISSIONS

### RESPONSE TO REQUEST NUMBER 1

Objection. This request is overbroad both in time and scope and its overbreadth imposes an undue burden on the responding party.

Objection: This request is vague and ambiguous and unintelligible.

Without waiving the foregoing objections, Responding Party responds as follows: Admit.

**RESPONSE TO REQUEST NUMBER 2**

Objection. The request is vague, ambiguous, uncertain and unintelligible as phrased. Further the request calls for speculation. Based on these things, responding party can neither admit nor deny the request.

**RESPONSE TO REQUEST NUMBER 3**

Objection. The request is vague, ambiguous, uncertain and unintelligible as phrased. Further the request calls for speculation. Based on these things, responding party can neither admit nor deny the request.

**RESPONSE TO REQUEST NUMBER 4**

Objection. The request is vague, ambiguous, uncertain and unintelligible as phrased. Further the request calls for speculation. Based on these things, responding party can neither admit nor deny the request.

**RESPONSE TO REQUEST NUMBER 5**

Objection. The request is vague, ambiguous, uncertain and unintelligible as phrased. Further the request calls for speculation. Based on these things, responding party can neither admit nor deny the request.

**RESPONSE TO REQUEST NUMBER 6**

Deny.

**RESPONSE TO REQUEST NUMBER 7**

Deny.

**RESPONSE TO REQUEST NUMBER 8**

Deny.

**RESPONSE TO REQUEST NUMBER 9**

Deny.

**RESPONSE TO REQUEST NUMBER 10**

Admit.

**RESPONSE TO REQUEST NUMBER 11**

Objection.. The request is vague, ambiguous, uncertain and unintelligible as phrased. Further the request calls for speculation. Based on these things, responding party can neither admit nor deny

the request. There are over 20 parking spaces at the subject property. Request #11 does not specify what parking space is referred to. After reasonable inquiry into the matter, Defendant cannot admit nor deny this particular request.

**RESPONSE TO REQUEST NUMBER 12**

Deny.

**RESPONSE TO REQUEST NUMBER 13**

Deny.

**RESPONSE TO REQUEST NUMBER 14**

Objection. The request is vague, ambiguous, uncertain and unintelligible as phrased. Further the request calls for speculation. Based on these things, responding party can neither admit nor deny the request.

**RESPONSE TO REQUEST NUMBER 15**

Objection. The request is vague, ambiguous, uncertain and unintelligible as phrased. Further the request calls for speculation. Based on these things, responding party can neither admit nor deny the request.

**RESPONSE TO REQUEST NUMBER 16**

Admit.

**RESPONSE TO REQUEST NUMBER 17**

Admit.

DATED: April 28, 2015

                                              Respectfully Submitted,
                                              WHITBECK, KOOSHKI, & ZREIK LLP

WHITBECK, KOOSHKI, & ZREIK LLP
21515 Hawthorne Blvd. #1065 Torrance, CA 90503
Tel: (888) 972-9477  Fax: (310) 540-1112

Kam Kooshki
Attorney for Defendant

WHITBECK, KOOSHKI, & ZREIK LLP
21515 Hawthorne Blvd. #1065 Torrance, CA 90503
Tel: (888) 972-9477 Fax:(310) 540-1112

## VERIFICATION

I, Jack Saadian, President of Armandi Babyland, Inc., the Defendant in the above-entitled proceeding, have read the foregoing **DEFENDANT ARMANDI BABY LAND, INC,'S RESPONSE TO REQUESTS FOR ADMISSIONS SET NO. 1 PROPOUNDED BY PLAINTIFF**, and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe it to be true

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

5/7/15 [date]

_____ [signature]

## PROOF OF SERVICE

County of Los Angeles )
                          ) SS.
State of California    )

      I am a citizen of the United States and employed in said County, State of California, I am over the age of eighteen years and not a party to the within-entitled action. My business address is 21515 Hawthorne Blvd. #1065, Torrance, California 90503. On May 8, 2015, I served the foregoing documents described as:

**DEFENDANT ARMANDI BABY LAND, INC,'S RESPONSE TO REQUESTS FOR ADMISSIONS SET NO. 1 PROPOUNDED BY PLAINTIFF**

On the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

        Raymond Ballister, Jr
        Phyl Grace
        Center for Disability Access
        9845 Erma Road, Suite 300
        San Diego, CA 92131

☒ **VIA U.S. MAIL** - I deposited said envelope in the mail at Torrance, California.

☐ **VIA EXPRESS MAIL** – by placing the document(s) listed above in a sealed overnight envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for Delivery Service.

☐ **VIA FACSIMILE:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00pm.

☐ **VIA PERSONAL SERVICE:** by personally delivering the document(s) listed above to the person(s) at the address (es) set forth below.

☐ **VIA ELECTRONIC MAIL:** I delivered such documents by electronic mail to each of the following individuals listed above.

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on May 8, 2015, at Torrance, California

                                        Sammy Zreik